UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARRYL W. RISER,<br><br>    Plaintiff,<br><br> v.<br><br>WASHINGTON STATE UNIVERSITY, DON HOLBROOK, BRIAN ALLAN DIXON, and RANDI N. CROYLE,<br><br>    Defendants. | NO: 2:18-CV-0119-TOR<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

BEFORE THE COURT is Plaintiff Darryl W. Riser's Motions for Temporary Restraining Order and a Preliminary Injunction (ECF Nos. 3; 19) filed April 6, 2018 and April 26, 2018, respectively. The motions were submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, the Motions are **denied**.

Pursuant to Federal Rule of Civil Procedure 65, a district court may (1) "issue a preliminary injunction only on notice to the adverse party" or (2) "issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

First, Plaintiff has not met the prerequisites for requesting a temporary restraining order. Plaintiff has not provided a certification describing any effort to give notice to the Defendants, nor was there any explanation as to why notice should not be required. Plaintiff's request for a temporary restraining order thus must be **denied**.

Second, Plaintiff has not demonstrated a likelihood of success in his request for a preliminary injunction. Although Plaintiff was assigned whistleblower

status,[1] Plaintiff has not submitted any evidence supporting his assertion that he was wrongly terminated for his whistleblower activities,[2] which appears to be limited to criticisms of supervisors and other employees.[3] Rather, the evidence submitted so far appears to support WSU's decision to terminate Plaintiff for cause and that Plaintiff was accorded adequate notice and an opportunity to respond

---

[1] Pursuant to Revised Code of Washington § 42.52.410, a state employee who files a complaint with the appropriate <u>ethics</u> board shall be afforded the protection afforded to a whistleblower under §§ 42.40.050 and 49.60.210(2), subject to the limitations of §§ 42.40.035 and 42.40.910.

[2] *See* ECF No. 19-9 (WSU Office of Equal Opportunity finding Plaintiff's claims of discrimination and retaliation were unfounded).

[3] Plaintiff repeatedly states that he has filed a race discrimination charge, *see*, *e.g.*, ECF No. 19 at 3, 5, 12, but Plaintiff has not explained what racial discrimination occurred, and the charging document (dated November 30, 2017), ECF No. 19-2, does not include any detail, either. Further, Plaintiff has not submitted a "Notice of Right to Sue" from the Equal Employment Opportunity Commission, as is required before filing suit for work-place race discrimination. *Waters v. Heublein, Inc.*, 547 F.2d 466, 468 (9th Cir. 1976).

ORDER DENYING PLAINTIFF'S REQUEST FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION ~ 3

despite Plaintiff's status as an at-will employee,[4] bearing in mind that "discharge of a public employee whose position is terminable at the will of the employer" generally does not implicate the due process clause because the employee has no property interest in the position.[5] *Bishop v. Wood*, 426 U.S. 341, 348 (1976); *Clements v. Airport Auth. of Washoe Cty.*, 69 F.3d 321, 331 (9th Cir. 1995). Plaintiff's request for a preliminary injunction thus must be **denied**.

//

//

//

//

//

//

---

[4] *See*, *e.g.*, ECF Nos. 18-5 (notice of potential disciplinary action: termination for cause); 18-9 (termination letter); 18-30 (notice of counseling re: work-place deficiencies); 18-34 (WSU review of termination action); 18-37 (review of OEO final closing document); 19-9 (Office of Equal Opportunity closing document); 19-11 (WSU review of Office of Equal Opportunity closing document).

[5] Plaintiff also references an unlawful search, *see*, *e.g.*, ECF No. 19 at 5, but this has no bearing on the request for extraordinary relief.

ORDER DENYING PLAINTIFF'S REQUEST FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION ~ 4

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motions for Temporary Restraining Order and a Preliminary Injunction (ECF Nos. 3; 19) are **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

DATED May 9, 2018.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ~ 5