UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARRYL W. RISER,<br><br>               Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE UNIVERSITY, DON HOLBROOK, BRIAN ALLAN DIXON, and RANDI N. CROYLE,<br><br>               Defendants. | NO: 2:18-CV-0119-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff Darryl W. Riser's Motion for Reconsideration (ECF No. 25) noted for hearing on an expedited basis. The matter was submitted without oral argument. The Court has reviewed the record and files herein, and is fully informed.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch.*

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1

*Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J*, 5 F.3d at 1263.

Plaintiff's request for reconsideration simply reasserts plaintiff's previous allegation and clarifies that (1) Plaintiff delivered the underlying Motion (ECF Nos. 3; 19) for extraordinary relief to Defendant WSU and (2) Plaintiff is not pursuing claims based on retaliation or discrimination. ECF No. 25 at 2-6, ¶¶ 1-7. The fact that Plaintiff gave Defendants notice means a temporary restraining order is not the proper avenue of relief; where notice is given, the proper avenue is a motion for preliminary injunction. This renders Plaintiffs request for a TRO moot.

Plaintiff seeks to preserve the *status quo*. The *status quo*, however, is that Plaintiff is no longer employed by Defendant WSU. What Plaintiff really seeks is a mandatory injunction to preserve the *status quo ante*, to undo what is already done, and for that Plaintiff has failed to meet his extraordinary burden. "A prohibitory injunction preserves the status quo. A mandatory injunction goes well beyond simply maintaining the status quo pendente lite and is particularly disfavored." *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1320 (9th Cir. 1994) (citations, internal quotations and brackets omitted). Further, Plaintiff has not shown irreparable harm. A loss of earnings, which may ultimately be recovered if

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 2

the lawsuit is successful, does not usually constitute irreparable injury. *Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of [injunctive relief], are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.")

Plaintiff has not otherwise brought forward any additional support for his contention that he was denied due process and equal protection. Rather, Plaintiff merely cites to case law involving public employees who were not terminable at-will, but rather could be terminated only for cause, ECF No. 25 at 4-6, ¶¶ 5-6, which is not the case here. Even if it were, as noted in this Court's previous Order (ECF No. 23) the documents submitted by Plaintiff indicates that Plaintiff was given adequate notice and an opportunity to be heard, and that the adverse actions may have been justified, even assuming he could only be terminated for cause. Thus, Plaintiff has not demonstrated a likelihood of success nor the other *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008) factors to justify the extraordinary remedy of a mandatory injunction.

Plaintiff has thus failed to demonstrate reconsideration is proper.

//

//

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 3

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff Darryl W. Riser's Motion for Reconsideration (ECF Nos. 25) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

DATED May 17, 2018.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 4