1   Frieda K. Zimmerman
    Assistant Attorney General
2   1116 West Riverside Avenue, Suite 100
    Spokane, WA 99201-1106
3   (509) 456-6390

4
                                **THE HONORABLE THOMAS O. RICE**
5

6                **UNITED STATES DISTRICT COURT**
                 **EASTERN DISTRICT OF WASHINGTON**
7

8   DARRYL W. RISER,                     NO.  2:18-cv-00119-TOR

9                     Plaintiff,         DEFENDANTS' RESPONSE
                                         TO PLAINTIFF'S MOTION
                v.                       REGARDING
10                                       DEFAMATION PER SE,
    WASHINGTON STATE                     LIBEL, AND SLANDER,
11  UNIVERSITY, DON                      AND INTENTIALLY
    HOLBROOK, BRIAN ALLAN                CAUSING EMOTIONAL
12  DIXON, and RANDI N.                  DISTRESS CLAIMS
    CROYLE,                              AGAINST DEFENDANTS
13                                       HOLBROOK AND CROYLE
                     Defendants.         – ECF NO. 33
14

15              **I.     INTRODUCTION**

16        Plaintiff has moved for summary judgment against Defendant Holbrook

17  and Croyle on claims of defamation per se, libel, slander, and intentionally

18  causing emotional distress. ECF No. 33. However, Plaintiff fails to follow the

19  applicable rules for summary judgment and does not present any admissible

20  evidence in support of his motion. Furthermore, although Defendants dispute the

21  accuracy of Plaintiff's unsupported allegations, they would not entitle Plaintiff to

22

1    judgment as a matter of law even if presented in a manner that complies with the

2    rules.

3                    **II.    FACTUAL BACKGROUND**

4              Plaintiff filed his Amended Complaint, ECF No. 18, on April 26, 2018.

5    Defendants subsequently moved for dismissal of Plaintiff's Amended Complaint

6    for failure to comply with Fed. R. Civ. P. 8, and in the alternative, for a more

7    definite statement under Fed. R. Civ. P. 12(e). ECF No. 30. Defendants also

8    included in that motion a request to strike improperly included attachments under

9    Fed. R. Civ. P. 12(f).

10             On May 23, 3018, Plaintiff filed three motions for summary judgment.

11   ECF Nos. 31, 32, 33. None of these motions included a separate statement of

12   material facts, as required by LR 56.1(a). *Id.* Additionally, there was no effort to

13   support any of the factual allegations in the motion with citations to a declaration,

14   affidavit, or other admissible form of evidence, as required by LR 7.1(g) and Fed.

15   R. Civ. P. 56(c)(1).  Given the early state of the case, no scheduling order has

16   been entered and no discovery has been conducted.

17                    **III.    LEGAL ARGUMENT**

18             Summary judgment is appropriate when "there is no genuine dispute as to

19   any material fact and the movant is entitled to judgment as a matter of law."

20   Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating

21

22

DEFENDANTS' RESPONSE TO PLAINTIFF'S        2      ATTORNEY GENERAL OF WASHINGTON
MOTION FO SUMMARY JUDGMENT ON                            Torts Division
CLAIMS AGAINST DEFENDANTS                         1116 West Riverside, Suite 100
                                                    Spokane, WA 99201-1106
HOLBROOK AND CROYLE – ECF NO. 33                        509-456-3123

1    the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett,* 477

2    U.S. 317, 323 (1986). Plaintiff has not met that burden.[1]

3    Fed. R. Civ. P. 56(c)(1) provides that when moving for summary

4    judgment, a "party asserting that a fact cannot be or is genuinely disputed must

5    support the assertion by… citing to particular parts of materials in the record."

6    LR 7.1(g) similarly states that "[f]actual assertions contained in memoranda must

7    be supported by evidence, such as a declaration, affidavit, or discovery response."

8    Additionally, LR 56.1(a) provides that a party filing a motion for summary

9    judgment must file a separate statement of facts, citing to and attaching portions

10   of the record relied upon.

11   This is important, because a trial court can only consider admissible

12   evidence in ruling on a motion for summary judgment. *See* Fed. R. Civ. P. 56(e);

13   *Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir.1988).

14   Authentication is a "condition precedent to admissibility," *Alexander Dawson,*

15

16   _____

17   [1] Fed. R. Civ. P. 56 also contemplates that, prior to filing a motion for

18   summary judgment, an opposing party should have a sufficient opportunity to

19   discover information essential to its position. Fed. R. Civ. P. 56(d); *see also*

20   *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). That has not occurred

21   here. However, Plaintiff's motion is deficient for a number of other more

22   significant reasons.

DEFENDANTS' RESPONSE TO PLAINTIFF'S          3
MOTION FO SUMMARY JUDGMENT ON
CLAIMS AGAINST DEFENDANTS
HOLBROOK AND CROYLE – ECF NO. 33

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
509-456-3123

1  *Inc. v. N.L.R.B.,* 586 F.2d 1300, 1302 (9th Cir. 1978), and this condition is

2  satisfied by "evidence sufficient to support a finding that the matter in question

3  is what its proponent claims." Fed. R. Evid. 901(a). "[D]ocuments authenticated

4  through personal knowledge must be attached to an affidavit that meets the

5  requirements of Fed. R. Civ. P. 56(e) and the affiant must be a person through

6  whom the exhibits could be admitted into evidence." *Orr v. Bank of Am., NT &*

7  *SA*, 285 F.3d 764, 773–74 (9th Cir. 2002) (citation and internal quotations

8  omitted). Unauthenticated documents cannot be considered in a motion for

9  summary judgment. *See Cristobal v. Siegel,* 26 F.3d 1488, 1494 (9th Cir.1994);

10  *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773–74 (9th Cir. 2002).

11      "Under Rule 56 of the federal rules, a party against whom a motion for

12  summary judgment is directed need not file any contravening affidavits or other

13  material but is entitled to a denial of the motion for summary judgment where the

14  movant's papers are insufficient on their face or themselves demonstrate the

15  existence of a material issue of fact." *Hamilton v. Keystone Tankship Corp.,* 539

16  F.2d 684, 686 (9th Cir. 1976).

17      Here, like in *Hamilton*, there were no affidavits in support of the motion

18  for summary judgment. Further, there was no proper foundation laid for

19  authentication or admission of the purported exhibits. Some of Plaintiff's

20  "Material Facts" had no cites at all. ECF No. 33 at 3-7. Plaintiff also failed to file

21  a separate factual statement, as required by the local rules. Overall, Plaintiff's

22

DEFENDANTS' RESPONSE TO PLAINTIFF'S        4
MOTION FO SUMMARY JUDGMENT ON
CLAIMS AGAINST DEFENDANTS
HOLBROOK AND CROYLE – ECF NO. 33

papers are insufficient on their face. Plaintiff has failed to comply with the requirements of Rule 56 and the applicable local rules. His motion should be denied.

## A. Even with the facts alleged, Plaintiff is not entitled to judgment as a matter of law

Plaintiff makes an assortment of conclusory allegations that Defendants Holbrook and Croyle violated his rights.  However, the facts as presented by Plaintiff do not establish he is entitled to judgment as a matter of law for any of the stated causes of action.

### 1. Defendants have Eleventh Amendment Immunity.

The Eleventh Amendment prohibits suit for damages against a state in Federal Court. *Keal v. State of Washington*, 2006 WL 2787830, at *2 (W.D. Wash. Sept. 26, 2006). Furthermore, individuals acting in their official capacity may not be sued for damages. *Brock v. Washington State Dep't of Corr.*, 2009 WL 3429096, at *4 (W.D. Wash. Oct. 20, 2009). Defendants Holbrook and Croyle are individuals acting in their official capacity, and thus the claims against Defendants are barred under the Eleventh Amendment.

### 2. Plaintiff has not established the necessary elements for Defamation Per Se, Libel, or Slander.

A defamation claim has four elements: (1) a false and defamatory communication; (2) lack of privilege; (3) fault; and (4) damages. *Duc Tan v. Le*,

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FO SUMMARY JUDGMENT ON
CLAIMS AGAINST DEFENDANTS
HOLBROOK AND CROYLE – ECF NO. 33

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
509-456-3123

1    177 Wash.2d 649, 662, 300 P.3d 356, 363 (2013). Libel and slander are separate

2    causes of action for the same basic tort of defamation, each of which must be

3    proven with the same elements. § 20:2 Libel, slander, and invasion of privacy—

4    Distinctions, 16A Wash. Prac. Tort Law and Practice § 20:4 (4th ed.);

5    RESTATEMENT (SECOND) OF TORTS § 568 (AM LAW INST. 1977); s*ee e.g.*, *Lopez*

6    *v. City of Seattle*, 113 Wash. App. 1049, at \*3–4 (2002) (unreported).

7         For the first element of a defamation claim, the plaintiff must prove that

8    the statement is false and defamatory. Whether a statement is capable of being

9    defamatory is a question of law for the court. *Amsbury v. Cowles Publishing Co.*,

10   76 Wash.2d 733, 740, 458 P.2d 882, 886 (1969). A statement is false if it

11   incorrectly describes the act, condition, or event that it describes. *Schmalenberg*

12   *v. Tacoma News, inc.*, 87 Wash. App.579, 592, 943 P.2d 350, 357 (1997). A

13   statement is defamatory if it tends to harm the reputation of the plaintiff in his

14   community or if it tends to deter third persons from associating or dealing with

15   him. *Right-Price Recreation, LLC v. Connells Prairie Community Council*,

16   146 Wash.2d 370, 383, 46 P.3d 789, 795–96 (2002).

17        Concerning the second element, the plaintiff must prove that the statement

18   is not privileged by showing that the statement was published. This means that

19   the statement was communicated to one or more third parties. *Schmalenberg v.*

20   *Tacoma News, Inc.*, 87 Wash. App. 579, 588, 943 P.2d 350, 356 (1997).

21   However, discussions or communications among employees within an

22

DEFENDANTS' RESPONSE TO PLAINTIFF'S          6
MOTION FO SUMMARY JUDGMENT ON
CLAIMS AGAINST DEFENDANTS
HOLBROOK AND CROYLE – ECF NO. 33

1   organization are not publication if the employees' communication is within the
2   ordinary course of their work. *Doe v. Gonzaga University*, 143 Wash.2d 687,
3   702, 24 P.3d 390, 397 (2001), *judgment rev'd on other grounds,* 536 U.S. 273
4   (2002) (citing *Prins* as an example of this intra-organizational privilege).

5       For example, the Washington State Supreme Court held that
6   communication sent from the main office of a company to its branch office
7   regarding a manager's poor performance was not published communication.
8   *Prins v. Holland-North America Mortgage Co.*, 107 Wash. 206, 208, 181 P. 680,
9   680 (1919). The alleged defamation was contained in a letter sent by the main
10  office and read only by the plaintiff's co-manager and a bookkeeper. *Id.* at 107
11  Wash. 206, 207, 181 P. 680, 680. The *Prins* court held that there had been no
12  publication of the allegedly defamatory statements because a corporation does
13  not publish that which it sends using its own agents to another of its agents. *Id.*
14  at 107 Wash. 206, 208, 181 P. 680, 680. This rule holds true so long as the
15  employees who learn of the defamatory communication learn of it while acting
16  within the scope of their employment. *See Gonzaga University*, 143 Wash.2d at
17  702, 24 P.3d at 397 (citing *Prins* as an example of this intra-organizational
18  privilege).

19      Here, Plaintiff cannot establish that any of the statements he identifies were
20  defamatory. They are not provably false statements, nor would they harm the
21  reputation of the Plaintiff such that it would deter individuals from associating

22

DEFENDANTS' RESPONSE TO PLAINTIFF'S          7
MOTION FO SUMMARY JUDGMENT ON
CLAIMS AGAINST DEFENDANTS
HOLBROOK AND CROYLE – ECF NO. 33

with him. Furthermore, there is no indication that any of the statements were published. In fact, many of the statements appear to be directed to the Plaintiff, rather than a third party. Regardless, prior to Plaintiff filing them in Federal Court, it does not appear that the statements Plaintiff takes issue with were disseminated beyond WSU employees working in the regular course of their jobs. Thus, an intra-organizational privilege applies. Without the first two elements, Plaintiff cannot establish a cause of action for defamation, libel, or slander. Defendant requests summary judgment for the non-moving party pursuant to Fed. R. Civ. P. 56(f).

3.    **Plaintiff has not established that he is entitled to judgment as a matter of law on a claim of intentionally causing emotional distress.**

A claim for intentional infliction of emotional distress ("tort of outrage") has three elements: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress." *Lyons v. U.S. Bank Nat. Ass'n*, 181 Wash.2d 775, 792, 336 P.3d 1142, 1151 (2014) (citing *Kloepfel v. Bokor*, 149 Wash.2d 192, 66 P.3d 630 (2003)). For the defendant to be liable the conduct must have been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Grimsby v. Samson*, 85 Wash.2d 52, 59, 530 P.2d 291, 295 (1975).

DEFENDANTS' RESPONSE TO PLAINTIFF'S       8
MOTION FO SUMMARY JUDGMENT ON
CLAIMS AGAINST DEFENDANTS
HOLBROOK AND CROYLE – ECF NO. 33

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
509-456-3123

1    Additionally, liability does not include "mere insults, indignities, threats,

2    annoyances, petty oppressions, or other trivialities." *Id.*

3         In *Dicomes v. State*, the Washington State Supreme Court held that the

4    delivery of a termination letter, as well as communication with the media about

5    the employee's termination, did not constitute outrageous conduct by the state

6    employer. 113 Wash.2d at 630, 782 P.2d at 1013. The plaintiff in that case argued

7    that her termination and the media statement showed her to be an incompetent

8    and disloyal employee, and that her employer prepared a false report about her

9    solely for the purposes of embarrassing and humiliating the plaintiff. *Id.* The

10   Court ruled that discharge by itself is insufficient to support an outrage claim. *Id.*;

11   *see also Strong v. Terrell*, 147 Wash. App. 376, 195 P.3d 977 (2008) (transient

12   or trivial emotional distress are insufficient to sustain a claim).

13        Plaintiff identifies the disciplinary actions against him and his termination

14   as the outrageous conduct in question. However, this does not go beyond all

15   possible bounds of decency. Rather than being "utterly intolerable in a civilized

16   community," it is normal for an employer to discipline and/or terminate an

17   employee who is failing to meet expectations. There is no indication that either

18   of the Defendants acted recklessly or with intention to inflict emotional distress.

19   Plaintiff's allegations are insufficient to establish a claim for extreme and

20   outrageous conduct, and Defendants request summary judgment for the non-

21   moving party pursuant to Fed. R. Civ. P. 56(f).

22

DEFENDANTS' RESPONSE TO PLAINTIFF'S      9
MOTION FO SUMMARY JUDGMENT ON
CLAIMS AGAINST DEFENDANTS
HOLBROOK AND CROYLE – ECF NO. 33

1

### IV.    CONCLUSION

2          Plaintiff has not established that he is entitled to judgment as a matter of

3    law on any of his claims against Defendants Holbrook and Croyle. He has failed

4    to satisfy his requirements for summary judgment evidence under Fed. R. Civ. P.

5    56. Further, the facts as alleged by Plaintiff are insufficient to establish a violation

6    of any of the causes of action he asserts, even if they were to be supported by

7    admissible evidence.    Defendants request that this Court grant summary

8    judgment for Defendants under Fed. R. Civ. P. 56(f), or deny Plaintiff's motion.

9          DATED this 13th day of June, 2018.

10

11                                   ROBERT W. FERGUSON
                                     Attorney General

12

13                                   _____s/Frieda K. Zimmerman_____
                                     Frieda K. Zimmerman, WSBA No. 46541

14                                   Assistant Attorney General
                                     Attorneys for Defendants

15                                   1116 W. Riverside, Suite 100
                                     Spokane WA  99201

16                                   509-456-3123 - Telephone
                                     (509) 456-6390

17                                   FriedaZ@atg.wa.gov

18

19

20

21

22

DEFENDANTS' RESPONSE TO PLAINTIFF'S          10
MOTION FO SUMMARY JUDGMENT ON
CLAIMS AGAINST DEFENDANTS
HOLBROOK AND CROYLE – ECF NO. 33

**PROOF OF SERVICE**

1

2          I certify that I electronically filed this document with the Clerk of the Court

3   using the CM/ECF system which will send notification of such filing to the

4   following:

                    Darryl Riser
5                   1202 Lincoln Street
                    Colton, Washington  99113
6                   coldriser@gmail.com

7

8          I declare under penalty of perjury under the laws of the United States of

9   America that the foregoing is true and correct.

10         DATED this 13th day of June, 2018.

11                    ROBERT W. FERGUSON
                      Attorney General
12
                          s/Frieda K. Zimmerman
13                    Frieda K. Zimmerman, WSBA No. 46541
                      Assistant Attorney General
14                    Attorneys for Defendants
                      1116 W. Riverside, Suite 100
15                    Spokane WA  99201
                      509-456-3123 - Telephone
16                    (509) 456-6390
                      FriedaZ@atg.wa.gov
17

18

19

20

21

22

DEFENDANTS' RESPONSE TO PLAINTIFF'S          11
MOTION FO SUMMARY JUDGMENT ON
CLAIMS AGAINST DEFENDANTS
HOLBROOK AND CROYLE – ECF NO. 33