Frieda K. Zimmerman
Assistant Attorney General
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-6390

**THE HONORABLE THOMAS O. RICE**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| DARRYL W. RISER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON STATE UNIVERSITY, DON HOLBROOK, BRIAN ALLAN DIXON, and RANDI N. CROYLE,<br><br>　　　　　Defendants. | NO. 2:18-cv-00119-TOR<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANTS WSU, HOLBROOK, DIXON, AND CROYLE– ECF 37 |

## I.    INTRODUCTION

Plaintiff has moved for entry of default against Defendants WSU, Holbrook, Dixon, and Croyle pursuant to Fed. R. Civ. P. 55 and LR 55.1. Because Defendants have defended against Plaintiff's Amended Complaint by filing a motion to dismiss and for a more definite statement, Plaintiff's motion should be denied.

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT – ECF 37

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA  99201-1106
509-456-3123

## II.   FACTUAL BACKGROUND

On April 26, 2018, Plaintiff Darryl Riser filed an Amended Complaint alleging various misconduct by Washington State University, Don Holbrook, Brian Allan Dixon, and Randi Croyle. ECF No. 18. The Amended Complaint was 96 pages of unnumbered paragraphs and included over 350 pages of attachments. ECF No. 18-1 through 18-38. On May 23, 2018, Defendants moved for dismissal of Plaintiff's Amended Complaint for failure to comply with Fed. R. Civ. P. 8, or in the alternative an order compelling a more definite statement under Fed. R. Civ. P. 12(e) and striking redundant and immaterial portions of the filing under Fed. R. Civ. P. 12(f). ECF No. 30. On May 23, 2018, Plaintiff filed a Motion for Entry of Default against all Defendants. ECF No. 37.

## III.   LEGAL ARGUMENT

A district court may enter a default judgment against a party who fails to plead or otherwise defend. *See* Fed. R. Civ. P. 55(a). "Failure to 'otherwise defend' presumes the absence of some affirmative action on the part of a defendant which would operate as bar to the satisfaction of the moving party's claim." *Rashidi v. Albright*, 818 F. Supp. 1354, 1355–56 (D. Nev. 1993), *aff'd*, 39 F.3d 1188 (9th Cir. 1994)(citing *Wickstrom v. Ebert,* 101 F.R.D. 26, 33 (E.D.Wisc.1984)). "[C]hallenges to matters such as service, venue and the sufficiency of the complaint preclude a default even if pursued in the absence of a responsive pleading." *Id.*

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT – ECF 37

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA  99201-1106
509-456-3123

Numerous courts have ruled that a motion to dismiss constitutes defending an action within the meaning of this rule even if the defendants have not filed an answer to the complaint. *See, e.g., Song v. Deeds*, 947 F.2d 951 (9th Cir. 1991)(unpublished)(citing *Wickstrom v. Ebert,* 101 F.R.D. 26, 33 (E.D. Wis. 1984)); *Fid. Mortg. Corp. v. Seattle Times Co.*, 213 F.R.D. 573, 574 (W.D. Wash. 2003)(denying plaintiff's motion for entry of default because defendant "otherwise defended" though a motion to dismiss); *Rollins v. Pierce Cty. Corr. Facility*, 2010 WL 3958797, at *1 (W.D. Wash. 2010)(denying motion for default judgment where defendants filed a motion to dismiss); *Rowland v. Prudential Fin., Inc.,* 362 F. App'x 596, 597 (9th Cir. 2010)(court properly denied motion for entry of default because defendants filed motions to dismiss); *Harper v. City of Monterey*, 519 F. App'x 503 (9th Cir. 2013)(clerk properly declined palintiff's requests for entry of default because defendants filed motions to dismiss plaintiff's action for failure to state a claim); *Abney v. Alameida*, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004)(denying motion for default where defendant filed motion to dismiss plaintiff's legally insufficient claims).

Additionally, a pleading "otherwise defending" an action is not required to be filed prior to the deadline for a responsive pleading in order to prevent an entry of default. *See*, *Morales-Alfonso v. Garcia*, 2017 WL 1650222, at *1 (D. Ariz. 2017)(denying entry of default where defendant filed an untimely motion to dismiss); *Shuster v. Shuster*, 2017 WL 20254, at *2 (D. Ariz. 2017) (providing that a "clerk must enter a defendant's default only where the defendant has not

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT – ECF 37

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA  99201-1106
509-456-3123

yet appeared and defended.."); *Hudson v. State of N.C.*, 158 F.R.D. 78 (E.D.N.C. 1994) (late filing of a Rule 12 motion cured defendant's default and thereafter entry of default was not appropriate).

Essentially, default is improper if a defendant has filed a response demonstrating an intent to defend the action. *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.,* 840 F.2d 685, 689 (9th Cir.1988); *see also*, *Breheim v. I.R.S.,* 2013 WL 7868367, at *1 (D. Mont. 2013)(not reported). Furthermore, a default judgment may not be entered on a legally insufficient claim. *See Cripps v. Life Ins. Co. of North America,* 980 F.2d 1261, 1267–68 (9th Cir.1992) (reversing a default judgment entered on a legally insufficient claim).

Here, Defendants filed a motion to dismiss Plaintiff's Amended Complaint, or for a more definite statement. ECF No. 30. This constitutes "otherwise defending" against Plaintiff's allegations. Furthermore, due to Plaintiff's prolific filing, Defendants have filed a number of additional responses clearly indicating their intent to defend this litigation.[1]

---

[1] See Defendants' Response to Plaintiff's Motion to Disqualify Defense Counsel (ECF No. 28), Response to Plaintiff's Motion to Compel Defendants to Answer Plaintiff's Amended Complaint (ECF No. 44), Response to Plaintiff's Motion to Strike Defendants' Motion to Dismiss or for a More Definite Statement and to Strike (ECF No. 45), Response to Plaintiff's Motion for a More Definite Statement Under Fed. R. Civ. P. 12(e) (ECF No. 46), Response to Plaintiff's Motion to Compel Defendants to Answer Plaintiff's Motions for Summary


Additionally, Plaintiff's claims are legally insufficient, *See* ECF Nos. 50, 51, 52, and thus default judgment would not be appropriate. Since Defendants filed a motion to dismiss and have otherwise defended against Plaintiff's Amended Complaint, Plaintiff's Motion for Entry of Default should be denied.

---

Judgment (ECF No. 47), Response to Plaintiff's Motion to Sever Plaintiff's Claims, Under Fed. R. Civ. P. 42(b) (ECF No. 48), Response to Plaintiff's Motion for Summary Judgment on Constitutional Rights Claims (ECF No. 50), Response to Plaintiff's Motion Regarding Breach of Fiduciary Duty, Fraud, and Extreme and Outrageous Conduct Claims Against Defendant Holbrook (ECF No. 51), Response to Plaintiff's Motion Regarding Defamation Per Se, Libel, and Slander, and Intentionally Causing Emotion Distress Claims Against Defendants Holbrook and Croyle (ECF No. 52). Plaintiff has also filed several "Notices" with the Court. ECF Nos. 34 and 38. While Defendants disagree with the factual and legal allegations contained in these documents, they are duplicative of the allegations contained in Plaintiff's other motions, and Defendants have elected to respond directly to the motions.

Defendants also intend to respond to Plaintiff's Motion to Recuse (ECF No. 43) and Plaintiff's Motion to Stay (ECF No. 49). Those responses will be filed within the timeframe provided by Local Rule 7.1. (b)(2)(B), given that Plaintiff failed to properly note those motions on an expedited basis.

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT – ECF 37

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
509-456-3123

## IV.  CONCLUSION

Defendants respectfully request this Court deny Plaintiff's Motion for Entry of Default Against Defendants WSU, Holbrook, Dixon, And Croyle.

DATED this 15th day of June, 2018.

                ROBERT W. FERGUSON
                Attorney General

                  s/Frieda K. Zimmerman
                Frieda K. Zimmerman, WSBA No. 46541
                Assistant Attorney General
                Attorneys for Defendants
                1116 W. Riverside, Suite 100
                Spokane WA  99201
                509-456-3123 - Telephone
                (509) 456-6390
                FriedaZ@atg.wa.gov

## PROOF OF SERVICE

I certify that I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Darryl Riser
> 1202 Lincoln Street
> Colton, Washington  99113
> coldriser@gmail.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 15th day of June, 2018.

> ROBERT W. FERGUSON
> Attorney General
>
>       s/Frieda K. Zimmerman
> Frieda K. Zimmerman, WSBA No. 46541
> Assistant Attorney General
> Attorneys for Defendants
> 1116 W. Riverside, Suite 100
> Spokane WA  99201
> 509-456-3123 - Telephone
> (509) 456-6390
> FriedaZ@atg.wa.gov

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT – ECF 37

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA  99201-1106
509-456-3123