UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARRYL W. RISER,<br><br>       Plaintiff,<br><br>  v.<br><br>WASHINGTON STATE UNIVERSITY, DON HOLBROOK, BRIAN ALLAN DIXON, and RANDI N. CROYLE,<br><br>       Defendants. | NO: 2:18-CV-0119-TOR<br><br>ORDER ON PENDING MOTIONS |

BEFORE THE COURT is Defendants Washington State University, Don Holbrook, Brian Allen Dixon, and Randi N. Croyle's Motion to Dismiss, for More Definite Statement, or to Strike (ECF No. 30) along with multiple motions filed by Plaintiff Darryl Riser (ECF Nos. 35; 36; 37; 39; 40; 41; 43; 49).[1]  The Court has

---

[1] Plaintiff also filed three Motions for Summary Judgment (ECF No. 31; 32; 33).  The Court will decide these motions when the briefing is completed.

ORDER ON PENDING MOTIONS ~ 1

reviewed the record and files herein, and is fully informed. For the reasons discussed below: Defendants Motion (ECF No. 30) is denied; Plaintiff's Motion to Strike (ECF No. 35), Motion to Compel Answer (ECF No. 36), Motion for More Definite Statement (ECF No. 39), and Motion to Compel Response (ECF No. 40) are denied as moot; Plaintiffs Motion for Entry of Default (ECF No. 37), Motion to Sever (ECF No. 41), Motion for Recusal (ECF No. 43), and Motion to Appoint Pro Bono Counsel (ECF No. 49) are denied; and Plaintiff's Motion to Stay (ECF No. 49) is granted in part.

## DISCUSSION

A. **Defendant's Motion to Dismiss; for More Definite Statement; to Strike (ECF No. 30)**

Defendants move the Court to enter an order dismissing Plaintiff's Amended Complaint for failure to provide a short and concise statement. ECF No. 30 at 2-8. In the alternative, Defendants request the Court enter an order requiring Plaintiff to make a more definite statement and strike the redundant material and attached exhibits. ECF No. 30.

As a *pro se* litigant, the standards for a complaint are relaxed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). While Plaintiff's complaint is redundant and extensive, this is not enough to simply dismiss the complaint. Rather, a more reasonable avenue of relief is the request for a more definite statement, but that too

is not necessary because Defendant has clearly listed fourteen claims in the Amended Complaint. ECF No. 18 at 10-57. Plaintiff has represented these are the only claims he is pursuing at this time, *see* ECF No. 41, although he has signaled a future intent to add related claims, *see* ECF No. 49. The allegations in the Amended Complaint are not so vague or ambiguous that Defendants cannot reasonably be required to frame a responsive pleading, as required in Federal Rule of Civil Procedure 12(e). *See* ECF No. 18 at 10-53.

Defendants also request the Court strike redundant material and the exhibits attached to Plaintiff's Amended Complaint. While the Amended Complaint is certainly redundant, the Court sees no material benefit in either striking portions of the Amended Complaint or the attached exhibits.

B. **Plaintiff's Motion to Strike Defendant's Motion (ECF No. 35)**

Plaintiff requests the Court strike Defendants Motion to Dismiss or for a More Definite Statement and to Strike at ECF No. 30. ECF No. 35. The request is **denied as moot** given the Court is denying Defendants' Motion (ECF No. 30).

C. **Plaintiff's motion to Compel Defendants to Answer Amended Complaint (ECF No. 36)**

Although Plaintiff submitted a Motion to Compel Defendants to Answer Plaintiff's Amended Complaint (ECF No. 36), Plaintiff later submitted a Motion to Stay (ECF No. 39), discussed below, in which Plaintiff states his intention to

ORDER ON PENDING MOTIONS ~ 3

request leave to file a second amended complaint that will include related state claims. As discussed below, the Court is granting Plaintiff's motion to stay in part to allow Plaintiff to make such a request before requiring Defendants to answer or otherwise plead. As such, Plaintiff's Motion to Compel (ECF No. 36) is **denied as moot**.[2]

### D. **Plaintiff's Motion for Entry of Default (ECF No. 37)**

Plaintiff moves for an entry of default, arguing Defendants have failed to plead or otherwise defend the action. ECF No. 37. Pursuant to Federal Rule of Civil Procedure 55, the clerk may only enter the party's default when the party has failed to plead or otherwise defend. Here, Defendants have appeared by filing a timely Motion to Dismiss (ECF No. 30) and have otherwise evidenced their intent to defend the action by responding to pending motions.

Most notably, Defendants are not tardy in filing an answer. Federal Rule of Civil Procedure 12(e) specifically gives a party the option to request a more definite statement "before interposing a responsive pleading." Entry of Default is thus not proper and the Motion (ECF No. 37) requesting such is **denied**. *See Wilson v. Moore & Assocs., Inc.*, 564 F.2d 366, 369 (9th Cir. 1977).

---

[2] Notably, even without the stay, Defendants are not tardy in submitting an answer. *See* Federal Rule of Civil Procedure 12(a)(4).

ORDER ON PENDING MOTIONS ~ 4

E. **Plaintiff's Motion for More Definite Statement (ECF No. 39)**

Plaintiff's request for a more definite statement as to Defendants' Motion to Dismiss, for a More Definite Statement, and to Strike filed at ECF No. 30 is **denied as moot**.

F. **Plaintiff's Motion to Compel Answer to Plaintiff's Summary Judgment (ECF No. 40)**

Plaintiff moves the Court to compel Defendants to Answer Plaintiff's Motion for Summary Judgment. ECF No. 40 at 1. Defendants filed timely responses to each of Plaintiff's Motions for Summary Judgment (ECF Nos. 31; 32; 33) on June 13, 2018. *See* ECF Nos. 50; 51; 52. Plaintiff's Motion is thus **denied as premature and moot.**

G. **Plaintiff's Request to Sever (ECF No. 41)**

Plaintiff requests the Court sever Plaintiff's fourteen claims against the four defendants according to the basis for jurisdiction. ECF No. 41. Plaintiff argues granting the motion to sever claims one through eight from claims nine to fourteen is proper because the claims involve different defendants, different transactions, and different occurrences. ECF No. 41 at 3. Absent the bald assertion that the claims involve separate transactions and occurrences, Plaintiff does not explain how this would further judicial economy, and, at first blush, all the claims appear to be based significantly on the same universe of underlying facts. In such

circumstances, and without any further explanation by Plaintiff as to how severing the case would promote judicial economy, the Motion (ECF No. 41) must be **denied** at this time.

H. **Plaintiff's Motion for Recusal (ECF No. 43)** [3]

Pursuant to 28 U.S.C. § 455, a district court judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). For example, the judge must disqualify himself if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1); *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) (citation omitted) (section 455(b)(1) "simply provides a specific example of a situation in which a judge's 'impartiality might reasonably be questioned' pursuant to section 455(a)."). Judicial impartiality is presumed. *First Interstate Bank of Arizona, N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 987 (9th Cir. 2000). A party has a "substantial burden" in demonstrating otherwise. *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003); *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004). A judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does

---

[3] This matter was improperly noted for hearing on an expedited basis.

ORDER ON PENDING MOTIONS ~ 6

to recuse when the law and facts require." *Clemens v. U.S. Dist. Court for Cent. Dist. of California*, 428 F.3d 1175, 1179 (9th Cir. 2005) (citation omitted).

The test for sections 455(a) and 455(b)(1) is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Wilkerson*, 208 F.3d 794, 797 (9th Cir. 2000) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)).

Plaintiff submitted the Motion for Recusal based on the presiding judge's alleged bias. Plaintiff bases his request on the following allegations:

1. Judge Rice falsely stated Plaintiff was proceeding *in forma pauperis*. ECF No. 43 at 2, 5, "Fact" 4 and 13.

2. Judge Rice made an inappropriate reference to Plaintiff as a "prisoner". ECF No. 43 at 3, 5 "Fact" 5 and 13.

3. Judge Rice "**threatened** Plaintiff to voluntarily dismiss the complaint against Defendants: Schulz, Ashkannejhad, and Phares, within 60-days or the entire cause of action would be dismissed." ECF No. 43 at 3, "Fact" 6.

4. Judge Rice denied the "unopposed" motion for a temporary restraining order based on totally irrelevant issues. ECF No. 43 at 3, "Fact" 8.

5. Judge Rice provided a "personal opinion." ECF No. 43 at 3-4, "Fact" 9.

6. Judge Rice denied Plaintiff's "unopposed" Motion to Disqualify Defendants' Legal Counsel, Motion for a Temporary Restraining Order, and Motion for Reconsideration. ECF No. 43 at 3, 5, 7, "Fact" 8 and 12.

7. Judge Rice "aggressively-verbally attacked Plaintiff . . . ." ECF No. 43 at 5, "Fact" 14.

8. "Judge Thomas O. Rice admitted to be partial to '*the Assistant Attorney General's representations.*'" ECF No. 43 at 5, "Fact" 14 (citing ECF No. 42 at 3-4).

The Court will clarify and analyze each point in turn.

1. Plaintiff's *in forma pauperis* status

According to Local Rule, *in forma pauperis* requests are generally assigned to the Magistrate Judges. Magistrate Judge Dimke entered an order denying Plaintiff's *in forma pauperis* status, ECF No. 9, but Judge Dimke granted Plaintiff a partial fee waiver. Despite the label, Plaintiff was in fact granted *in forma pauperis* status. In doing so, Judge Dimke cited to the Ninth Circuit case that allowed *in forma pauperis* status by requiring a partial fee be paid, *Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995). The Circuit explained that requiring the payment of fees according to a plaintiff's ability to pay serves the in *forma pauperis* statute's goal of granting equal access to the courts regardless of economic status. *Id.* at 111. At the same time, requiring a partial payment within a plaintiff's ability to pay serves the dual aims of defraying some of the judicial costs of litigation and screening out frivolous claims. *Id.* As such, Plaintiff is proceeding *in forma pauperis*. This truthful assertion shows no bias by the Court.

//

### 2. Plaintiff characterized as a "prisoner"

Plaintiff argues the Court "characterized Plaintiff as a 'prisoner'[.]" ECF No. 43 at 5, "Fact" 13. This is not the case. The complained-of Order, ECF No. 16, states that the Court's duty to screen complaints filed *in forma pauperis* stems from 28 U.S.C. §§ 1915, 1915A, which – although the statute references "prisoners" – is applied to non-prisoner plaintiffs, such as Plaintiff here. See ECF No. 16 at 2 and n.1. The reference clearly did not label Plaintiff a prisoner or otherwise impugn his name. This is standard language included with nearly every order addressing the viability of an *in forma pauperis* complaint as a matter of clarification.

### 3. "Threatened" dismissal

Plaintiff asserts the Court threatened to dismiss the entire action if Plaintiff did not dismiss the case against certain defendants. ECF No. 43 at 3, "Fact" 6. This is also not the case. The Order at issue clearly states in bold: "Plaintiff is cautioned if he fails to amend within 60 days as directed, the Court will dismiss the above causes of action found deficient for failure to state a claim." ECF No. 16 at 4 (emphasis and capitalization omitted). A courtesy Voluntary Motion to Dismiss form was included for Plaintiff's benefit if he chose to dismiss the claims against these certain defendants. The Court's Order merely informed Plaintiff that the Court found his Complaint deficient as to certain defendants and that Plaintiff

could either cure the defect or file a voluntary motion to dismiss, or the Court would dismiss the complaint as to those defendants in sixty days. There was no threat the entire case would be dismissed. As above, this is standard language included with a screening order for an *in forma pauperis* complaint when the Court finds there are claims that do not survive screening.

### 4. Temporary Restraining Order

Plaintiff argues the Court references "irrelevant issues (i.e. *not submitting a notice of Right to Sue from the Equal Employment Opportunity Commission*)" in the Order Denying Plaintiff's Motion for Temporary Restraining Order (ECF No. 23). ECF No. 43 at 3, "Fact" 8 (internal quotation marks omitted). Notably, the complained of reference is located in a footnote and merely addressed what appeared to be a plausible retaliation claim. *See* ECF No. 23 at 3, n.3. Plaintiff does not explain how this evidences bias. If anything, the Court was acting favorably toward Plaintiff as a *pro se* litigant in broadly construing the Complaint in Plaintiff's favor as asserting a plausible retaliation claim.

### 5. Personal Opinion

Plaintiff complains about the Court giving an opinion about the apparent strength of Plaintiff's claims in determining whether Plaintiff was entitled to a temporary restraining order. ECF No. 43 at 3-4, "Fact" 8 and 9 (citing ECF No. 23 at 3-4, Order on Motion for TRO), 5, "Fact" 5 (citing ECF No. 27 at 3-5, Order on

Motion for Reconsideration).  Determining the strength of Plaintiff's claims was necessary in determining the likelihood of success on the merits—a necessary component in determining whether Plaintiff was entitled to the relief sought. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits."). This does not evidence bias; the Court is merely performing its judicial duty.

      6. <u>Denying Motions</u>

  Plaintiff generally complains that the Court denied Plaintiff's Motion for Temporary Restraining Order (ECF No. 19), the related Motion to Reconsider (ECF No. 25), and Plaintiff's Motion to Disqualify (ECF No. 26), asserting they were "unopposed" because the Court decided the matter before an opposition was filed.  ECF No. 43 at 3-5, "Facts" 8, 12.  Plaintiff is mistaken, before the Court ruled, Defendants did respond and did oppose the motion to disqualify, ECF No. 26.  ECF No. 28.  Despite Plaintiff's characterization of the motions as "unopposed", Defendants did not join the motions or otherwise signal their intent not to oppose the motions.

  In seeking an emergency TRO, Plaintiff had not shown the proper prerequisites for its issuance.  As is required by Federal Rule of Civil Procedure 65, Plaintiff had not provided a certification describing any effort to give notice to the Defendants, nor was there any explanation as to why notice should not be

ORDER ON PENDING MOTIONS ~ 11

required. ECF No. 23 at 2. Without proof of service, there was no way for the Court to know whether Defendants would respond, but the propriety for issuing an emergency, *ex parte* TRO did not exist. Plaintiff's motion for reconsideration showed that the TRO could not issue and grounds for a preliminary injunction had not been established.

In sum, while the Court was following the law, Plaintiff disagrees with the result. This does not evidence bias.

### 7. Verbal Attack

Plaintiff argues that, "[o]n June 5, 2018, Judge Thomas O. Rice aggressively-verbally attacked Plaintiff; in an extremely negative tone; demeaning, condescending, and criticizing Plaintiff's pleadings as 'no standing' and 'frivolous'." ECF No. 43 at 5, "Fact" 14 (citing ECF No. 42 at 3-4). Other than the "no standing" and "frivolous" statements, Plaintiff does not point to any specific, complained-of, statements.

Review of the written Order (ECF No. 42) shows that it does not include any negative tone and was not condescending or critical of Plaintiff. Rather, the Order simply addresses Plaintiff's contentions. The fact that the Court found Plaintiff had no standing to raise certain issues and denied them as frivolous does not suggest the Court is biased towards Plaintiff. These terms are common-place legal

terms that reflect the Court's conclusion as to Plaintiff's alternative grounds for disqualification of opposing counsel.

### 8. Partiality to Assistant Attorney General

Plaintiff asserts that "Judge Thomas O. Rice admitted to be partial to '*the Assistant Attorney General's representations.*'" ECF No. 43 at 5, "Fact" 14 (citing ECF No. 42 at 3-4). The Court Order states that "[a]s an officer of the court," the Court accepted the Assistant Attorney General's representation. This shows no preference or deference to Defendants' counsel, but rather recognizes legal counsel acts as an officer of the court. *See United States v. Christensen*, 828 F.3d 763, 816 (9th Cir. 2015) ("Attorneys are officers of the Court and expect to be respected and to have their representations accepted as true." (quoting district court findings)); Washington Rules of Professional Conduct, Preamble and Scope ("A lawyer, as a member of the legal profession, is a representative of clients, an officer of the court and a public citizen having special responsibility for the quality of justice.").

### 9. Conclusion

The Supreme Court has specifically addressed the issue of when recusal is proper based on allegations of bias:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *See United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966). In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no

ORDER ON PENDING MOTIONS ~ 13

extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. An example of the latter (and perhaps of the former as well) is the statement that was alleged to have been made by the District Judge in *Berger v. United States,* 255 U.S. 22 (1921), a World War I espionage case against German–American defendants: "One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty." *Id.,* at 28 (internal quotation marks omitted). *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune.

*Liteky v. United States*, 510 U.S. 540, 555-56 (1994) (internal citation altered

Here, as in *Liteky*, "[a]pplying the principles we have discussed to the facts of the present case is not difficult. None of the grounds petitioners assert required disqualification." *Liteky v. United States*, 510 U.S. 540, 556 (1994). The complaints are based on "rulings made", where the complained of statements were necessary to determine whether Plaintiff was entitled to a temporary restraining order. This "[a]ll occurred in the course of judicial proceedings, and neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-

ORDER ON PENDING MOTIONS ~ 14

seated and unequivocal antagonism that would render fair judgment impossible."
*Id.*

Ultimately, Plaintiff's complaints stem from patent misunderstandings and the Court's objective assessment of Plaintiff's motions. The Court has never disparaged Plaintiff in any manner. As such, Plaintiff has not presented anything that would present a reasonable appearance of impartiality. The motion is therefore **denied**.

I. **Plaintiff's Motion to Stay (ECF No. 49)**[4]

Plaintiff requests the Court enter a stay for 90 days, including the deadline for Plaintiff to reply to Defendant's Motion to Dismiss (ECF No. 30). ECF No. 49. Plaintiff explains that he intends to join related state claims, which were not ripe at the time Plaintiff filed his Amended Complaint, including that Plaintiff had to pursue a "Notice of Right to Sue" from the Equal Employment Opportunity, as is required before filing suit for work-place race discrimination. *Waters v. Heublein, Inc.*, 547 F.2d 466, 468 (9th Cir. 1976)

Because the Court is denying Defendant's Motion to Dismiss in this Order, the request for stay based on the need to reply to the Motion is moot. However, based on Plaintiff's representation that he intends to seek permission to file an

---

[4] This matter was improperly noted for hearing on an expedited basis.

ORDER ON PENDING MOTIONS ~ 15

Amended Complaint asserting additional claims, the Court finds it proper to postpone the deadline for Defendants to file an answer or otherwise plead to the Amended Complaint (ECF No. 18). Otherwise, Defendants would be forced to duplicate work, assuming Plaintiff does in fact request leave to amend to add the claims and the Court grants the request. The Motion to Stay (ECF No. 49) is **granted in this respect only** to prevent duplicative work:

1. **Within 60-days of this Order**, Plaintiff shall file a second amended complaint to include his remaining claims.
2. Defendants shall thereafter timely answer or otherwise plead as provided by the Rules of Civil Procedure. If Plaintiff files no second amended complaint, Defendants shall answer or otherwise plead to the First Amended Complaint (ECF No. 18) **no later than September 7, 2018.**
3. The current deadlines for the pending Motions for Summary Judgment (ECF Nos. 31; 32; 33) are not affected, as the Motions are limited to the existing claims and Defendants have already filed responses (ECF Nos. 50; 51; 52).

J. **Plaintiff's Motion for pro bono legal counsel (ECF No. 49)**

Plaintiff embedded a request for pro bono legal counsel in his Motion to Stay (ECF No. 49). Plaintiff requests the Court to appoint an attorney, *pro bono*,

to Plaintiff's case to handle all future litigation matters for this cause of action. ECF No. 49 at 3.

This Court has discretion to designate counsel pursuant to 28 U.S.C. §1915(e)(1) only under exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Determining whether exceptional circumstances exist requires evaluating "the likelihood of success on the merits and plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (citation omitted). The Court has already assessed the likelihood of success in its previous Orders (ECF Nos. 23 at 2-5; 27 at 3). Given the Court's past assessment and Plaintiff's ample ability to articulate his position and demonstrated ability to research the law, the motion is **denied.**

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss; for a More Definite Statement; and to Strike (ECF No. 30) is **DENIED**.
2. Plaintiff's Motion to Strike (ECF No. 35) is **DENIED AS MOOT**.
3. Plaintiff's Motion to Compel Answer (ECF No. 36) is **DENIED**.
4. Plaintiff's Request for Entry of Default (ECF No. 37) is **DENIED**.
5. Plaintiff's Motion for a More Definite Statement (ECF No. 39) is **DENIED AS MOOT**.
6. Plaintiff's Motion to Compel Response (ECF No. 40) is **DENIED**.

7. Plaintiff's Motion to Sever (ECF No. 41) is **DENIED.**

8. Plaintiff's Request for Recusal (ECF No. 43) is **DENIED**.

9. Plaintiff's Motion for Stay (ECF No. 49) is **GRANTED IN PART** in accordance with the terms discussed above.

10. Plaintiff's Motion to Appoint Pro Bono Counsel (ECF No. 49) is **DENIED**.

The District Court Executive is directed to **enter** this Order and **furnish** copies to the parties.

DATED June 27, 2018.



THOMAS O. RICE
Chief United States District Judge