UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARRYL W. RISER,<br><br>                Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE UNIVERSITY, DON HOLBROOK, BRIAN ALLAN DIXON, and RANDI N. CROYLE,<br><br>                Defendants. | NO: 2:18-CV-0119-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' CROSS-MOTIONS FOR SUMMARY JUDGMENT |

BEFORE THE COURT are Plaintiff Darryl W. Riser's Motions for Summary Judgment against: Defendants Washington State University (ECF No. 31); Don Holbrook (ECF No. 32); and Don Holbrook and Randi Croyle (ECF No. 33); and the Defendants' corresponding Cross-Motions for Summary Judgment (ECF Nos. 50; 51; 52). The Motions and Cross-Motions were submitted without oral argument. In their Responses, Defendants moved for summary judgment for

the nonmoving party, but did not note the Cross-Motions for a hearing. In light of Plaintiff's *pro se* status and to provide Plaintiff adequate notice, the Court informed Plaintiff that it was considering the Cross-Motions, allowing Plaintiff additional time to file a Supplemental Reply. ECF No. 64. Plaintiff has since filed a Supplemental Reply (ECF No. 80).[1]

The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, the Defendants' Cross Motions for Summary Judgment (ECF Nos. 50; 51; 52) are **granted** and Plaintiff's Motions for Summary Judgment (ECF Nos. 31; 32; 33) are **denied**.

## STANDARD OF REVIEW

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."

---

[1] After Plaintiff submitted the Motions for Summary Judgment, the Court granted Plaintiff's request to amend his Complaint to include state law claims he could not originally assert at the time of filing (because of the notice required for pursuing a tort action against the state). Plaintiff has since filed a Second Amended Complaint (ECF No. 77). Although the Court references Plaintiff's First Amended Complaint, this Order applies to those same claims asserted in the Second Amended Complaint.

Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The moving party bears the "burden of establishing the nonexistence of a 'genuine issue.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "This burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." *Id.*

Per Rule 56(c), the parties must support assertions by: "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Only admissible evidence may be considered. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The nonmoving party may not defeat a properly supported motion with mere allegations or denials in the pleadings. *Liberty Lobby*, 477 U.S. at 248. The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor." *Id.* at 255. However, the "mere existence of a scintilla of evidence" will not defeat summary judgment. *Id.* at 252.

## BACKGROUND[2]

The case arises out of a series of escalating demands by Plaintiff Darryl Riser during his brief stint as an employee in the financial aid department of Washington State University—beginning with a request for a new job title with more pay and ending with multiple demands that his supervisors and the president of WSU resign from their positions. *See* ECF Nos. 18; 19 and attachments. In short, Plaintiff complains about a series of actions taken by WSU and its employees that ultimately led to his termination, including denying his requests without a hearing, or without an "impartial" hearing. The Parties disagree as to the true impetus of the action—Plaintiff argues it was because of his alleged "whistle-blower" activities and Defendant argues it was a reasonable response to Plaintiff's inappropriate conduct. Whether the complained-of conduct was retaliatory is not at issue for the motions currently before the Court.

## DISCUSSION

Plaintiff filed three Motions for Summary Judgment (ECF Nos. 31; 32; 33). Defendants cross-moved for summary judgment in their Responses (ECF Nos. 50;

---

[2] An in-depth review of the underlying facts is not necessary to address the pending motions, as the relevant, material facts are limited and not in dispute.

51; 52). Each Motion for Summary Judgment and its corresponding Cross-Motion is addressed in turn.

### A. Motion for Summary Judgment against WSU; Cross-Motion for Summary Judgment (ECF Nos. 31; 50)

Plaintiff seeks summary judgment "for eight claims of Federal Constitutional Rights violations (42 U.S.C. § 1983)". ECF No. 31 at 1. Plaintiff asserts WSU violated his right to due process, equal protection, and his right to be free from unreasonable searches.[3] ECF No. 31. WSU cross-moves for summary judgment, arguing that it is not subject to suit under 42 U.S.C. § 1983 because it is not a "person" for which a Section 1983 action may be brought. ECF No. 50 at 2. Defendant is correct.

---

[3] Plaintiff also references an alleged violation "of Sick Leave/FMLA Protection[,]" ECF No. 31 at 10, but Plaintiff was not taking FMLA leave. Plaintiff includes federal claims of discrimination based on alleged race discrimination and alleged infringement of his freedom of speech (by terminating him, in part, for his demand that his supervisor and the President of WSU resign) in the Second Amended Complaint, *see* ECF No. 77 at 7-10, but these allegations are not at issue in this Order.

ORDER DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 5

A cause of action pursuant to 42 U.S.C. § 1983 may be brought "against any person acting under color of law who deprives another 'of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 887 (9th Cir. 2003) (quoting 42 U.S.C. § 1983); *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 755 (2005). Importantly, Section 1983 liability does not disrupt "the well-established immunity of a State from being sued without its consent[,]" so the reach of Section 1983 liability is coterminous with Eleventh Amendment immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67, 70 (1989) ("States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes" are not "persons" under § 1983).

Defendant WSU argues that it is not a person subject to suit under Section 1983 and cross-moves for summary judgment. ECF No. 50 at 6-7. Defendant is correct. *Will v. Michigan Dep't of State Police*, 491 U.S. at 64. The Ninth Circuit has held that, because "a state university is an arm of the state entitled to Eleventh Amendment immunity[,]" a state university and "state officials sued in their official capacities, including university officials, are not 'persons' within the meaning of § 1983 . . . ." *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007); *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 968 (9th Cir. 2010). WSU is thus not amenable to suit under Section 1983.

Plaintiff argues WSU "has no veil of immunity" and argues diversity jurisdiction is met. ECF No. 61 at 9-10 (Plaintiff's Reply). Whether the Court has jurisdiction is a matter separate from immunity from suit; in any event jurisdiction for Section 1983 liability is based on federal question jurisdiction, not diversity jurisdiction.[4]

Plaintiff's Motion (ECF No. 31) is thus **denied** and Defendant's Cross-Motion (ECF No. 50) is **granted**.

B. **Motion for Summary Judgment against Holbrook; Cross-Motion for Summary Judgment (ECF Nos. 32; 51)**

Plaintiff seeks summary judgment for his breach of fiduciary duty, fraud, and extreme and outrageous conduct claims against Defendant Holbrook. ECF No. 32. Defendant Holbrook cross-moves for summary judgment in his Response. ECF No. 51.

As an initial matter, Defendant Holbrook argues he is entitled to Eleventh Amendment immunity because he was acting in his official capacity. ECF No. 51 at 5. The Court agrees. "The sovereign immunity doctrine prohibits suits against unconsenting states in state court" and Washington has yet to yield this immunity.

---

[4] Complete diversity of citizenship for jurisdiction under 28 U.S.C. § 1332 is lacking in this case.

ORDER DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 7

*Harrell v. Washington State ex rel. Dep't of Soc. Health Servs.*, 170 Wash. App. 386, 405 (2012). "[S]uits against state officials in their official capacities are treated as suits against the state." *Id.* As such, "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against . . . State officials [who] are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Accordingly, Plaintiff's claim for damages against Defendant Holbrook in his official capacity fails. To the extent Plaintiff brings suit against Defendant Holbrook in his individual capacity, the claims also fail as discussed below.[5]

1. ***Fiduciary Duty***

Plaintiff argues "Defendant Holbrook owed a fiduciary duty to Plaintiff, but failed to comply with the appointing authority's fiduciary duties, regarding the administration of impartial Fact Finding Processes; the proximate cause and delict

---

[5] Plaintiff repeatedly argues Defendants failed to dispute his assertions of fact listed in Plaintiff's Motions for Summary Judgment. First, Defendants do not dispute most of the underlying facts, as Defendants' actions are demonstrated through documentary evidence. Rather, the parties mostly disagree as to the animating factor behind the actions and the legal consequences. Second, many of Plaintiff's so-called statements of fact are actually conclusions of law.

of Plaintiff's injuries." ECF No. 32 at 1-5. Defendant Holbrook argues no fiduciary duty exists and requests summary judgment on this issue pursuant to Fed. R. Civ. P. 56(f). ECF No. 51 at 6-7.

Notably, Plaintiff fails to provide any authority for the proposition that Defendant owed Plaintiff a fiduciary duty. *See* ECF No. 32. "A confidential or fiduciary relationship between two persons may exist either because of the nature of the relationship between the parties historically considered fiduciary in character; e.g., trustee and beneficiary, principal and agent, partner and partner, husband and wife, physician and patient, attorney and client; or the confidential relationship between persons involved may exist in fact." *McCutcheon v. Brownfield*, 2 Wash. App. 348, 356–57 (1970).

The Court finds Defendant Holbrook did not owe Plaintiff a fiduciary duty. There is nothing to indicate there was a special trust relationship between Plaintiff and Defendant Holbrook, and the employer-employee relationship does not give rise to a fiduciary relationship absent some special circumstance. *See Liebergesell v. Evans*, 93 Wash.2d 881, 889-91 (1980) (fiduciary duty may arise when a person "justifiably expects his welfare to be cared for by" another). Plaintiff fails to establish a fiduciary relationship, let alone a breach of fiduciary duty, thus, Defendant Holbrook is entitled to summary judgment on this claim.

//

2. *Fraud*

Plaintiff argues Defendant Holbrook committed fraud when he issued Plaintiff a notice that Plaintiff must work from home. Plaintiff references a process where an employee can seek to work from home by consent, arguing Defendant did not go through this process and the document is thus fraudulent. ECF No. 32 at 11-12. Defendant argues Plaintiff's claim for fraud fails as a matter of law, and requests summary judgment on this issue pursuant to Fed. R. Civ. P. 56(f). ECF No. 51 at 8.

"There are nine essential elements of fraud, all of which must be established by clear, cogent, and convincing evidence: (1) a representation of existing fact, (2) its materiality, (3) its falsity, (4) the speaker's knowledge of its falsity, (5) the speaker's intent that it be acted upon by the person to whom it is made, (6) ignorance of its falsity on the part of the person to whom the representation is addressed, (7) the latter's reliance on the truth of the representation, (8) the right to rely upon it, and (9) consequent damage." *Elcon Const., Inc. v. E. Washington Univ.*, 174 Wash.2d 157, 166 (2012) (citations omitted).

Plaintiff has failed to point to any misrepresentation on the part of Defendant Holbrook. Notably, the notice of "Home Assignment" did not reference the process Plaintiff identifies as a basis for the decision. *See* ECF No. 18-2 at 2-3. Indeed, the home assignment appears to be a corrective action taken in response to

Plaintiff's own conduct, as opposed to any joint agreement to work from home.  As such, Defendant Holbrook did not make a false representation.  Moreover, Plaintiff believed the "Home Assignment" was fraudulent at the outset, ECF No. 18-3 (Plaintiff referencing fraudulent notice in reply letter from Plaintiff to Office for Equal Employment), and thus never relied on the truth of the allegedly false representation.  Plaintiff fails to establish all nine elements of fraud, thus, Defendant is entitled to summary judgment on this claim.

### 3. *Intentional Infliction of Emotion Distress (Tort of Outrage)*

Plaintiff argues Defendant Holbrook's conduct was extreme and outrageous in sending two armed police officers to hand deliver a Home Assignment Notice to Plaintiff's residence while he was on sick leave.  ECF No. 32 at 8.  Defendant argues the conduct does not rise to the level necessary to be actionable, and again requests summary judgment pursuant to Fed. R. Civ. P. 56(f).  ECF No. 51 at 9.

"The tort of outrage requires the proof of three elements: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress." *Kloepfel v. Bokor*, 149 Wash.2d 192, 195 (2003).

> [I]t is not enough that a 'defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.' Liability exists 'only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'

*Grimsby v. Samson*, 85 Wash.2d 52, 59 (1975) (quoting *Restatement (Second) of Torts* § 46 cmt. d). Stated another way, conduct is actionable when "the recitation of the facts to an average member of the community would arouse his resentment against the actor and lead him to exclaim 'Outrageous!'" *Browning v. Slenderella Sys. of Seattle*, 54 Wash.2d 440, 448 (1959) (quoting Restatement of Torts § 46(g) (Supp.1948))). "Consequently, the tort of outrage 'does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.' In this area plaintiffs must necessarily be hardened to a certain degree of rough language, unkindness and lack of consideration." *Kloepfel v. Bokor*, 149 Wash.2d at 196 (quoting *Grimsby v. Samson,* 85 Wash.2d at 59 (quoting *Restatement (Second) of Torts* § 46 cmt. d)).

Here, the Court finds as a matter of law that merely dispatching two armed police to provide notice of an employment action is not "atrocious" or "utterly intolerable in a civilized community." *Grimsby v. Samson*, 85 Wash.2d at 59. The presence of armed police officers arriving at 8 p.m. may be startling for some, but – at most – this is a mere annoyance and falls far short of the conduct that is actionable under the tort of outrage. *See Kloepfel v. Bokor*, 149 Wash.2d at

196. Moreover, Plaintiff has presented no evidence to support his claims of severe emotional distress. Defendant is thus entitled to summary judgment on this issue.

### 4. *Conclusion*

Because Defendant Holbrook is entitled to summary judgment on each of the issues addressed above, Plaintiff's Motion (ECF No. 32) is **denied** and Defendant Holbrook's Cross-Motion (ECF No. 51) is **granted**.

### C. **Motion for Summary Judgment against Holbrook and Croyle; Cross-Motion For Summary Judgment (ECF Nos. 33; 52)**

Plaintiff seeks summary judgment for his defamation and intentional infliction of emotional distress (tort of outrage) claims against Defendants Holbrook and Croyle. ECF No. 33. Defendants cross moved for summary judgment in their Response. ECF No. 52.

As an initial matter – as noted above – Defendants Holbrook and Croyle are entitled to Eleventh Amendment immunity because they were acting in their official capacity. ECF No. 52 at 5. "Absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against . . . State officials [who] are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. at 169. Accordingly, Plaintiff's claims for damages against Defendant Holbrook and Croyle in their official capacities fail and are dismissed.

Even if Plaintiff brings these actions against Defendants in their individual capacity, they too fail.

### 1. *Defamation*

Plaintiff seeks summary judgment on his "defamation", "libel" and "slander" claims against Defendants Holbrook and Croyle. Defendants argues Plaintiff has failed to present a viable defamation claim and requests summary judgment pursuant to Fed. R. Civ. P. 56(f). ECF No. 52 at 8.

In Washington, "a defamation plaintiff must show four essential elements: falsity, an unprivileged communication, fault, and damages." *Mark v. Seattle Times*, 96 Wash.2d 473, 486 (1981)[6]. "A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Right-Price Recreation, LLC v. Connells Prairie Cmty. Council*, 146 Wash.2d 370, 382

---

[6] The Court hereafter references only defamation because "[l]ibel and slander in Washington" are merely "species of defamation" that are "proven by the same elements[,]" despite being "separate manifestations of the same basic tort[.]" Libel, slander, and invasion of privacy—Distinctions, 16A Wash. Prac., Tort Law and Practice § 20:2 (4th ed.).

ORDER DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 14

(2002). Whether a statement is capable of being defamatory is a question of law for the court. *Amsbury v. Cowles Publishing Co.*, 76 Wash.2d 733, 740 (1969).

Plaintiff's Motion (ECF No. 33) asserts Defendants published certain defamatory statements. Plaintiff points to statements made in his "notice of charges" and "termination of employment notice" that were sent to Plaintiff and statements made by Defendant Croyle to Defendant Holbrook accusing Plaintiff of being "30-minutes late", failing to edit content for a training module, failing to complete the self-assessment for the retreat, and failing to meet expectations attending his position, among other mundane work-place complaints. ECF No. 33 at 3-7.

Even if the complained-of allegations are not true, these statements are not defamatory, as they relate to job performance and do not rise to the level of allegations that would harm his reputation to third parties. Further, even if the statements could be construed as defamatory, these statements are privileged, they relate to plaintiff's ability to perform his job, and are between supervisors. *See Henderson v. Pennwalt Corp.*, 41 Wash.App. 547, 558-59 (1985). Plaintiff has failed to "show the statements were not published in the ordinary course of employment or that they were made with actual malice." *Woody v. Stapp*, 146 Wash. App. 16, 21 (2008). Rather, the evidence shows the statements were only

shared with employees who were in a position where such information was relevant to their position.

Accordingly, Defendants Holbrook and Croyle and entitled to summary judgment on this claim.

### 2. *Intentional Infliction of Emotional Distress (Tort of Outrage)*

Plaintiff argues Defendants Holbrook and Croyle are liable for intentional infliction of emotional distress—also known as the tort of "outrage" as discussed above. ECF No. 33. Defendants argue Plaintiff's claim fails as a matter of law and request summary judgment pursuant to Fed. R. Civ. P. 56(f). ECF No. 52 at 9.

"The tort of outrage requires the proof of three elements: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress." *Kloepfel v. Bokor,* 149 Wash.2d at 195; *Lyons v. U.S. Bank Nat. Ass'n*, 181 Wash.2d 775, 792 (2014). Plaintiff has failed to establish all three elements.

First, Plaintiff fails to point to any act that is beyond the bounds of decency or utterly intolerable in a civilized society. Rather, Plaintiff's argument merely expresses dissatisfaction with underlying workplace reports and employment

actions.[7] Second, Plaintiff fails to present any evidence of "severe emotional distress", as noted above. Plaintiff's Motion (ECF No. 33) is thus denied and Defendant's Motion (ECF No. 52) is granted.

### 3. *Conclusion*

Because Defendants are entitled to summary judgment on each of the issues addressed above, Plaintiff's Motion (ECF No. 33) is **denied** and Defendants' Cross-Motion (ECF No. 52) is **granted**.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motions for Summary Judgment (ECF Nos. 31; 32; 33) are **DENIED**.

2. Defendants' Cross-Motions for Summary Judgment (ECF Nos. 50; 51; 52) are **GRANTED**.

The District Court Executive is directed to **enter** this Order and **furnish** copies to the parties.

DATED October 12, 2018.



THOMAS O. RICE
Chief United States District Judge

---

[7] *See* ECF Nos. 33 at 8-9 (list of relevant factual allegations for I.I.E.D. claim).

ORDER DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 17