# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARRYL W. RISER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WASHINGTON STATE UNIVERSITY, DON HOLBROOK, BRIAN ALLAN DIXON, and RANDI N. CROYLE,<br><br>　　　　　Defendants. | NO: 2:18-CV-0119-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR A MANDATORY INJUNCTION AND TO EXPEDITE |

BEFORE THE COURT are Plaintiff Darryl W. Riser's Motion for a Mandatory Injunction to Preserve the Status Quo Ante (ECF No. 78) and corresponding Motion to Expedite (ECF No. 79). The motions were submitted for consideration without a request for oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Plaintiff's Motion for a Mandatory Injunction to Preserve the Status Quo Ante

ORDER DENYING PLAINTIFF'S MOTIONS FOR A MANDATORY INJUNCTION AND TO EXPEDITE ~ 1

(ECF No. 78) is **denied**. Plaintiff's Motion to Expedite (ECF No. 79) is **denied as moot**.

Plaintiff requests the Court enter an expedited order for a mandatory injunction to preserve the status que ante ordering Defendant to "undo" Plaintiff's termination and not engage in adverse actions against Plaintiff. ECF No. 78 at 1.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "A prohibitory injunction preserves the status quo. A mandatory injunction goes well beyond simply maintaining the status quo pendente lite and is particularly disfavored." *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1320 (9th Cir. 1994) (citations, internal quotations and brackets omitted). A "district court should deny such relief 'unless the facts and law clearly favor the moving party.'" *Id.* (quoting *Anderson v. United States,* 612 F.2d 1112, 1114 (9th Cir. 1979)).

Plaintiff asserts there is a substantial likelihood of success on the merits because Plaintiff was "approved for unemployment compensation" based upon a finding that Plaintiff was not "fired for misconduct", as defined under the

regulations governing unemployment. ECF Nos. 78 at 6-7, 84 at 3. Plaintiff also argues:

> Plaintiff engaged in *"protected activities"*: in October and November 2017, reported Ethics Violations and was granted Whistleblower Protection [RCW 42.40] and on November 8, 2017, Plaintiff filed an Employment Discrimination Complaint at the WSHRC. December 2017 and January 2018, Defendant WSU conspired a ***"pretextual constructive discharge"*** to retaliate against Plaintiff for engaging in *"protected activities"*. Defendant WSU claimed: *"insubordination"*, *"quality of work"*, and *"failure to follow directives"*. Prior to December 2017, there were no complaints about Plaintiff's job performance, professionalism, or quality of work.

ECF No. 78 at 5-6 (emphasis in original). Plaintiff does not put forward any additional argument as to this point. *See* ECF No. 78.

This is insufficient to meet the burden of demonstrating likelihood of success. First, the finding that Plaintiff was not "fired for misconduct" does not imply Defendant improperly terminated Plaintiff. The term "fired for misconduct" is defined in Revised Code of Washington (RCW) § 50.04.294 and is limited in application to the unemployment context. Even if Plaintiff was not "fired for misconduct" in the ordinary sense of the term, Defendant could have fired Plaintiff (as an at-will employee) without a showing of misconduct. To be actionable, Plaintiff must demonstrate Defendant terminated Plaintiff for an inappropriate reason, and Plaintiff has not met this burden in his Motion (ECF No. 78).

Second, Plaintiff's bare conclusion that Defendants retaliated against Plaintiff is not enough to demonstrate a likelihood of success. *See Menefield v.*

ORDER DENYING PLAINTIFF'S MOTIONS FOR A MANDATORY INJUNCTION AND TO EXPEDITE ~ 3

*Stradley*, 996 F.2d 1226 (9th Cir. 1993) ("Bare allegations of retaliation will not suffice, by themselves, to sustain a claim of unlawful retaliation."). Although Plaintiff argues Defendants did not have any complaints about Plaintiff's job performance, professionalism, or quality of work before December 2017, ECF No. 78 at 2, the documentation submitted by Plaintiff supports the legitimacy of at least some of the proffered reasons for Plaintiff's termination and these reasons, if valid, explain away the timing (for example, he was put on leave and then let go after he demanded his superiors and the president of WSU resign). Besides the timing, Plaintiff has not presented any evidence Defendant WSU or its agents retaliated against Plaintiff. Plaintiff has failed to present a clear showing he is entitled to relief. *Stanley*, 13 F.3d at 1320. The motion is thus **denied**.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for a Mandatory Injunction to Preserve the Status Quo Ante (ECF No. 78) is **DENIED**.

2. Plaintiff's Motion to Expedite (ECF No. 79) is **DENIED AS MOOT**.

The District Court Executive is directed to **enter** this Order and **furnish** copies to the parties.

DATED October 15, 2018.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING PLAINTIFF'S MOTIONS FOR A MANDATORY INJUNCTION AND TO EXPEDITE ~ 4